*E-FILED 2/3/2009*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY D. WILLIAMS,<br><br>　　　　　Plaintiff,<br>　v.<br><br>GRANITE CONSTRUCTION COMPANY and<br>ROD COOPER,<br><br>　　　　　Defendants.<br>_____/ | No. C08-04202 HRL<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO TRANSFER VENUE**<br><br>[Re: Docket No. 11] |

Defendants Granite Construction Company ("Granite") and Rod Cooper move to transfer venue to the United States District Court for the District of Nevada. Plaintiff Anthony D. Williams opposes the motion. Upon consideration of the moving and responding papers,[1] as well as the arguments of counsel, this court GRANTS the motion.[2]

**I.  BACKGROUND**

Plaintiff sues under 42 U.S.C. § 1981 for alleged employment discrimination and retaliation. According to his complaint, he worked for defendant Granite in Nevada as a heavy

---

[1] On the eve of the motion hearing, without leave of court and in contravention of Civil Local Rule 7-3(d), plaintiff's counsel filed a supplemental declaration to address defendants' initial disclosures, which were served over one month before. This court does not condone the failure to comply with the rules. Nevertheless, it has accepted and considered the belated filing. Defendants confirmed that they had seen the declaration, and they were given an opportunity to address its contents at the motion hearing.

[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

equipment operator from 2002 to 2008. He says that for the majority of his employment, he was the only African-American employee in Granite's Reno/Sparks, Nevada operation. He further alleges that he was unfairly denied training and work opportunities that were given to white apprentice employees with less seniority. Williams claims that he was wrongfully terminated after he complained to defendant Cooper, Granite's Branch Manager for Nevada Operations, about the alleged discrimination. Defendants deny any wrongdoing. They maintain that Williams was terminated because he lied to his supervisors and left his work area under false pretenses.

There is no dispute that venue properly lies in this district. Granite says that it is comprised of two divisions – one of which, Granite West, is headquartered in Watsonville, California.[3] Nonetheless, defendants contend that this lawsuit has no material connection to California because all of the events giving rise to plaintiff's claims for relief took place in Nevada and all material witnesses and documents are located there. Pursuant to 28 U.S.C. § 1404, they now move to transfer venue to the District of Nevada.

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of showing that transfer is appropriate. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). A district court nonetheless retains discretion to decide motions to transfer venue based upon a case-by-case consideration of convenience and fairness. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Transfer is appropriate only where (1) the transferee court is one where the action might have been brought; and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. See 28 U.S.C. § 1404(a); see also Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute that the instant action properly could have been filed in the

---

[3] Granite says that its other division, Granite East, is headquartered in Lewisville, Texas and maintains regional branch offices in Texas, Florida and New York. (Cooper Decl., ¶ 3).

2

District of Nevada. Accordingly, the decision to transfer depends upon the convenience of the parties and witnesses and the interests of justice.

In exercising its discretion, the court must consider public factors, which pertain to the interests of justice, and private factors, which concern the convenience of the parties and witnesses. Decker Coal Co., 805 F.2d at 843. Among the factors to be considered are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's claims for relief in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. Jones, 211 F.3d at 498-99.[4]

**A.     Plaintiff's Choice of Forum**

Although plaintiff's choice of venue generally is accorded substantial weight, it "is not the final word." Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). In deciding the weight to be given to plaintiff's choice, "consideration must be given to the extent both of the defendant's business contacts within the chosen forum and of the plaintiff's contacts, including those relating to his cause of action." Id. "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Id.; see also Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (same). Plaintiff's choice of forum is also given less weight where there is evidence of forum shopping. See, e.g., Boyd v. Snyder, 44 F. Supp.2d 966, 973-74 (N.D. Ill. 1999). Where the degree of deference given to plaintiff's choice of venue is reduced, defendant's burden to overcome plaintiff's choice is also reduced. See Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 482 (D. Del. 1987)

---

[4] Plaintiff contends that defendants unduly delayed seeking a transfer. The court declines to deny the instant motion on that basis. There is no indication that plaintiff has been prejudiced, if at all, by any delay. The parties have proceeded with their initial disclosures; and, on the record presented, this court is unaware of any reason why they cannot proceed with discovery, notwithstanding the pendency of defendants' motion to transfer.

3

1  ("[W]hen the plaintiff chooses a forum which has no connection to himself or the subject matter
2  of the suit, and is thus not his "home turf," the burden on the defendant is reduced and it is
3  easier for the defendant to show that the balance of convenience favors transfer."); see also see
4  also AV Media, PTE, Ltd. v. Omnimount Sys., Inc., No. C06-3805, 2006 WL 2850054 *3 (N.D.
5  Cal., Oct. 5, 2006) (same).

6  Here, the record presented shows that Nevada, not California, is the site of the material
7  facts and events giving rise to plaintiff's claims. Plaintiff is a resident and citizen of Nevada.
8  He does not dispute that he was a member of the Operating Engineers Local Union No. 3 and
9  was hired for Granite's Nevada operations out of the Union's job placement office in Reno,
10 Nevada. (Cooper Decl., ¶¶ 5, 7). There is no indication that plaintiff's duties had any material
11 connection to California.

12 Plaintiff nonetheless contends that Granite's Watsonville offices played a "large role" in
13 the events at issue because (a) John Eastin, Granite's Assistant Director of Labor Relations in
14 Watsonville, monitored and directed Granite's response to plaintiff's complaints; (b) plaintiff
15 was "hired" by that office; and (c) plaintiff was given Granite's "Code of Conduct" and was
16 directed to refer all questions about it to employees in Watsonville. (See Vaillancourt Suppl.
17 Decl., ¶¶ 4-7 and Ex. 1). However, the record presented indicates that Eastin's only
18 involvement was post-termination; and, there is no indication that plaintiff had any contact with
19 Granite's Watsonville offices or any of its employees before his termination. Inasmuch as
20 plaintiff was "hired" by Granite West, the division that reportedly maintains regional branch
21 offices in Nevada (see Cooper Decl., ¶ 3)), this court finds that plaintiff has established only a
22 marginal connection to California. The actual subject of this litigation – the alleged acts of
23 discrimination and retaliation – took place in Nevada by persons who are located there. Thus,
24 this court finds that the locus of operative facts weigh strongly in favor of transfer.

25 Moreover, plaintiff acknowledges that he was motivated to file suit here because of his
26 belief that a greater African-American jury pool in this district would work to his advantage.
27 He contends that, in a case involving race discrimination, this court can and should consider
28 such race-based factors when determining whether transfer is appropriate. He has not, however,

cited authority for this proposition; and, this court concludes that plaintiff's race-based generalizations should not be given any weight. See Boyd, 44 F. Supp.2d at 973-74 (citing Batson v. Kentucky, 476 U.S. 79, 89 (1986)) ("Just as Batson v. Kentucky, and its progeny prohibit parties from basing their peremptory challenges 'on the assumption that black jurors as a group will be unable to impartially consider that State's case against a black defendant,' the court cannot base a transfer decision on the assumption that black jurors will be more sympathetic to black plaintiffs."); see also AV Media, PTE, Ltd., 2006 WL 2850054 at *2 (same).

Accordingly, the court finds that Williams' choice of forum is entitled to considerably less weight. Defendants' burden in establishing the propriety of transfer therefore is also decreased.

**B.      Convenience of the Parties and Witnesses**

Defendants argue that it will be more convenient to litigate this matter in Nevada because plaintiff and all relevant witnesses are located there. The record presented indicates that the majority of potential witnesses to be called by both sides reside in Nevada. (See McDevitt Decl., Ex. A; Vaillancourt Suppl. Decl., Ex. 1).[5] The one identified exception is Granite's Chief Executive Officer, William Dorey, who reportedly lives in Watsonville, California. As to him, defendants maintain that he had nothing to do with plaintiff's hire, employment, or termination; and, plaintiff has presented no evidence to the contrary.

Defendants argue that transfer therefore is appropriate because many of the identified witnesses may well be beyond the subpoena power of this court. However, as a party to the action, defendant Cooper would be obliged to appear and testify in any event. See DeFazio v. Hollister Employee Share Ownership Trust, 406 F. Supp.2d 1085, 1090 (E.D. Cal. 2005). Moreover, with the exception of one or two union representatives,[6] it is undisputed that the

---

[5]    Defendants' request to file a supplemental reply is granted.

[6]    Plaintiff's initial disclosures list one potential witness as "Rod (last name unknown), c/o Union." (Defendants' Suppl. Reply, Ex. A). Defendants' initial disclosures identify a Steve Ingersoll as the District Representative for the operating Engineer's Local No. 3, District 11, Reno, Nevada.

5

identified non-party witnesses are Granite employees. Accordingly, this factor is given less weight because Granite presumably will be able to compel their testimony at trial. See AV Media, 2006 WL 2850054 at *3 (citing Ashmore v. N.E. Petroleum Div. of Cargill, Inc., 925 F. Supp. 36, 38 (D. Me. 1996)) ("[A] defendant's motion to transfer under section 1404(a) may be denied when the witnesses are employees of the defendant and their presence may be obtained by the party.").

Nevertheless, on balance, the convenience of the parties and witnesses weighs in favor of a transfer. Here, plaintiff argues that Granite, as a large corporate defendant, cannot legitimately claim any inconvenience, particularly when its counsel is located in San Francisco, California. But the convenience of counsel generally is not a factor considered in determining whether this district is a convenience forum. See Fabus Corp. v. Asiana Express Corp., No. C00-3172, 2001 WL 253185 *2 (N.D. Cal., Mar. 5, 2001) (citing Solomon v. Continental American Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered."). As noted above, plaintiff lives in Nevada and will not be inconvenienced if this case is transferred there. Additionally, litigating this matter in Nevada would also likely require less travel and less time away from work for the majority of the parties' identified witnesses.

**C.     Ease of Access to Sources of Proof**

There is no dispute that all material records are located in Granite's regional branch office in Nevada. Some courts have concluded that the location of documentary evidence is entitled to little weight given the technology available today. See, e.g., Boateng v. Gen. Dynamics Corp., 460 F. Supp.2d 270, 276 (D. Mass 2006) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FED. PRACTICE AND PROCEDURE, § 3853) ("'However, since most records may be transported easily or in electronic form . . . their location is entitled to little weight. This is particularly true with the development of photoduplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies.'"). Here, defendants have not shown or explained how they might be prejudiced by the fact that relevant records and

6

documents are in Nevada. Accordingly, this court finds that this factor does not tip in their favor.

**D.     Local Interest**

Defendants argue that because all events giving rise to this lawsuit arose in Nevada, that state has a greater interest in having localized controversies decided at home. Plaintiff counters that California has a greater interest in a case concerning alleged discrimination by a corporation that is headquartered here. Neither party has demonstrated that either forum would have a stronger interest in this case, and the court finds that this factor does not weigh in favor of either side.

**E.     Familiarity of Each Forum with the Applicable Law**

Plaintiff's claims for relief are based on federal law, and both courts presumably are equally familiar with the applicable law. No one has presented any argument to the contrary. This factor does not weigh in either side's favor.

### III.  ORDER

Having determined that plaintiff's choice of forum is entitled to considerably less deference here, and that all other factors, on balance, either favor transfer or are neutral, this court in the exercise of its discretion finds that a transfer to the District of Nevada is warranted. Accordingly, defendants' motion to transfer venue is GRANTED. The Clerk of the Court shall transfer this case to the United States District Court for the District of Nevada.

SO ORDERED.

Dated:   February 3, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:08-cv-4202 Notice electronically mailed to:**

Cortney Lynn McDevitt Mcdevitc@jacksonlewis.com, caseyd@jacksonlewis.com

Diane K Vaillancourt Vaillancourt@cruzio.com

Mark Slater Askanas askanasm@jacksonlewis.com, barairom@jacksonlewis.com, mcdevitc@jacksonlewis.com

Terri Helene Keyser-Cooper keysercooper@yahoo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.